UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5292-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his subjective allegations and in assessing certain medical opinions. (Dkt. # 19 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1965, has a high school diploma and vocational training in computer office products, and his previous jobs include photocopier technician, concessions worker at the Puyallup Fair, and bartender. AR at 56-60, 232-33, 245. Plaintiff last documented gainful employment in 2011 (*id.* at 233), although he testified that he had worked more recently as a graphic designer and music promoter (*id*. at 50-60, 84).

ORDER - 1

In January 2017, Plaintiff applied for benefits, alleging disability as of June 1, 2015. AR at 212-20. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 138-51, 155-64. After the ALJ conducted a hearing in August 2018 (*id.* at 3-107), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 13-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: degenerative joint disease of the left knee, status post total knee replacement; degenerative joint disease of the right knee; obesity; obstructive sleep apnea; and degenerative disc disease of the lumbar spine.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform less than the full range of light work: he can occasionally climb ramps or stairs, and cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid exposure to extreme cold, extreme heat, vibration, fumes, odors, dusts, gases, and hazards. He needs a sit/stand alternative, which is defined as the ability to change position after 30-60 minutes for 3-5 minutes while remaining on task.

Step four: Plaintiff can perform past relevant work as bartender and office machine repairer.

Step five: In the alternative, there are also jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, Plaintiff is not disabled.

AR at 13-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ discounted Plaintiff's testimony because his allegations were inconsistent with the medical evidence as well as his activities (such as solo caregiving for his elderly father, and undertaking a 27-day road trip to 20 states). AR at 19-23. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d

1133, 1136-37 (9th Cir. 2014). The Court will address each of the ALJ's reasons in turn.

### 1. Inconsistent with Medical Evidence

The ALJ summarized the medical record and found that after Plaintiff underwent a left knee replacement in April 2017, his gait normalized and that although he continued to complain of back pain, he improved with physical therapy. AR at 19-22. For these reasons, the ALJ found that the medical record did not corroborate Plaintiff's allegation of disabling physical limitations. *Id*.

Plaintiff first challenges the ALJ's finding as insufficient to solely support the ALJ's assessment of Plaintiff's allegations. (Dkt. # 19 at 11-12.) As explained *infra*, however, the ALJ provided another valid reason to discount Plaintiff's allegations, and thus the ALJ did not solely rely on a lack of objective support in discounting Plaintiff's allegations.

Next, Plaintiff argues that the ALJ failed to cite evidence that contradicts his allegations. Specifically, Plaintiff argues that the ALJ erred in citing a physical therapy note as evidence that his gait normalized, because the note also referenced gait abnormalities. (Dkt. # 19 at 12-13 (citing AR at 651-52).) The note indicates that Plaintiff was observed walking independently with a non-antalgic gait (AR at 651), but the note also listed "gait abnormalities" among Plaintiff's list of problems (*id*. at 654). That the ALJ could have interpreted this note as corroborating gait abnormality does not show error in the ALJ's reasonable finding that the note described Plaintiff's observed normal gait. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.").

Plaintiff goes on to argue that the ALJ erred in failing to fully consider the impact of his obesity, and instead dismissed his complaints of pain and numbness because they resulted from Plaintiff's weight. (Dkt. # 19 at 13.) On the contrary, the ALJ noted Plaintiff's report of pain and numbness but cited evidence showing that despite these reports, Plaintiff was able to tolerate heel-toe walking without difficulty, denied pain with single leg balancing, walk independently with a normal gait, and complete his physical therapy exercises without complication (during or afterward). AR at 22. Plaintiff has not shown that the ALJ's decision included an improper consideration of his obesity.

Lastly, Plaintiff argues that the ALJ erred in drawing an adverse inference from the fact that Plaintiff did not complete his course of physical therapy for his back pain and indicated he would prefer injections or surgery. (Dkt. # 19 at 13-14.) According to Plaintiff, he stopped attending physical therapy because it was not helping him. (*Id.*) Nonetheless, as found by the ALJ, Plaintiff's physical therapist noted that Plaintiff moved around well and demonstrated increased activity tolerance during his last physical therapy session, despite reporting 10/10 pain and being convinced that physical therapy will not help him. AR at 22 (citing *id.* at 678). Plaintiff's physical therapist recommended that he bring in swimwear to try aquatic therapy at his next appointment (*id.* at 678), but the record does not contain any evidence that Plaintiff followed this recommendation or otherwise completed his course of physical therapy. The ALJ did not make any particular finding regarding Plaintiff's failure to complete physical therapy, Plaintiff's argument notwithstanding, but the physical therapy notes do support the ALJ's interpretation of Plaintiff's allegations because they demonstrate some degree of improvement with physical therapy and indicate that he retained some degree of functionality despite reporting high levels of pain. Plaintiff has not shown that the ALJ's findings regarding his physical therapy

1   were unreasonable or unsupported by substantial evidence.

2        In sum, because Plaintiff has failed to demonstrate error in the ALJ's findings regarding

3   the medical evidence, the Court affirms this line of the ALJ's reasoning.

4                   *2.    Inconsistent with Activities*

5        The ALJ contrasted Plaintiff's alleged walking and sitting limitations with his

6   demonstrated ability to manage his own activities of daily living independently, as well as act as

7   the solo caregiver for his elderly father. AR at 19-23. The ALJ also noted that Plaintiff went on a

8   27-day road trip with his father, visiting 20 states. *Id*. at 23 (citing *id*. at 49-50, 622). The ALJ

9   reasonably found these activities to be inconsistent with Plaintiff's alleged ability to walk for

10  only 10 minutes at a time and sit for only one hour at a time. *See id*. at 19. The ALJ did not err in

11  discounting Plaintiff's allegations on this basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

12  2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or

13  (2) "meet the threshold for transferable work skills").

14       Because the ALJ provided legally sufficient reasons to discount Plaintiff's allegations,

15  the Court affirms this portion of the ALJ's decision.

16  **B.    The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

17       Plaintiff challenges the ALJ's discounting of opinions written by examining physician

18  Beth Liu, M.D., and treating physician Rafael Peralta, M.D. The Court will address each

19  disputed opinion in turn.

20                   *1.    Legal Standards*

21        Where not contradicted by another doctor, a treating or examining doctor's opinion may

22

23

be rejected only for "'clear and convincing'" reasons. [3] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2.    *Dr. Liu*

Dr. Liu examined Plaintiff in March 2017 and wrote a narrative report describing his physical symptoms and limitations. AR at 462-66. Her medical source statement reads as follows:

> Based on [Plaintiff's] current examination today, the medical history reviewed, previous medical record reviewed, and [Plaintiff's] account of his limitations, he is able to lift or carry up to 20 lbs occasionally. He is able to sit for 60 minutes at one time without interruption and up to 4 hours today in an 8 hour work day. He is able to stand for 20 minutes at one time without interruption and up to 1-2 hours total in an 8-hour workday. He is able to walk for 15 minutes at one time without interruption and up to 1 hours total in an 8 hour work day. He is able to use his hands frequently for most hand activities frequently except pushing or pulling which he can perform occasionally because of knee and back pain. He is able to perform most postural activities occasionally except climbing ladders or scaffolds, crawling, and kneeling which he [should] avoid performing due to knee and back pain. Environmental limitations include unprotected heights, moving mechanical parts.

*Id*. at 464.

The ALJ gave partial weight to Dr. Liu's opinion, finding that it was undermined by: (1) its timing, because Dr. Liu examined Plaintiff shortly before his knee replacement and therefore did not account for his improvement thereafter; and (2) the lack of record support for any limitations in Plaintiff's ability to push, pull, handle, finger, or feel, and Plaintiff's demonstrated

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

abilities in excess of the limitations Dr. Liu described. AR at 23-24. The ALJ also noted that a State agency consultant reviewed Dr. Liu's opinion along with records after Plaintiff's knee replacement, and the ALJ found that the State agency opinion was more consistent with Plaintiff's abilities throughout the adjudicated period. *Id.* at 24.

Plaintiff argues that the ALJ failed to provide specific reasons to discount the sitting, standing, and walking limitations Dr. Liu assessed. (Dkt. # 19 at 6.) On the contrary, the ALJ found that Plaintiff's functioning improved greatly after his knee replacement, and that because Dr. Liu examined Plaintiff before that surgery, her opinion does not describe his full capacities for the entire adjudicated period. AR at 24. As the ALJ explained, the State agency consultant had the opportunity to review records post-dating the knee replacement surgery and found that Plaintiff was capable of more sitting, standing, and walking than Dr. Liu had described. *See id.* at 132-33.

Even if, as Plaintiff emphasizes (dkt. # 19 at 7), he continued to have some standing, walking, and sitting limitations after his knee replacement surgery, Plaintiff has not shown that the ALJ erred in finding that he was more functional post-surgery than Dr. Liu had described pre-surgery, or in discounting Dr. Liu's opinion based on its inconsistency with Plaintiff's post-surgery record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

### 3.    Dr. Peralta

Dr. Peralta competed a questionnaire in May 2017 describing Plaintiff's physical symptoms and limitations. AR at 551-52. In relevant part, Dr. Peralta found that since 2015 Plaintiff had been "severely limited," in that he was unable to lift two pounds or unable to stand and/or walk; he would need to lie down for 1.5 hours per day; and that he would miss an average

of four or more days per month due to chronic pain. *Id.*

The ALJ gave little weight to Dr. Peralta's opinion, finding it inconsistent with contemporaneous treatment notes showing that Plaintiff's pain was stable and controlled on medication, and inconsistent with Plaintiff's activities, namely his ability to complete his activities of daily living, work as a graphic designer and music promoter online, care for his father, and go on a very long road trip. AR at 24.

Plaintiff argues that the ALJ failed to cite evidence showing that his pain was stable and controlled on medication (dkt. # 19 at 8), but exhibits cited by the ALJ do contain multiple references to Plaintiff's pain as stable and/or controlled with medication. *See, e.g.*, AR at 334, 340, 367. Dr. Peralta himself opined that Plaintiff's pain was stable. *See id.* at 551.

Furthermore, Plaintiff's activities were inconsistent with the disabling physical limitations described by Dr. Peralta: Plaintiff's ability to independently complete his own activities of daily living as well as care for his elderly father, along with his ability to complete a long road trip with his father, are reasonably inconsistent with Dr. Peralta's opinion that Plaintiff must lie down for 1.5 hours during a workday, could not lift 2 pounds or was unable to stand/walk on a sustained basis, and would miss four or more days of work per month. AR at 24. Even if, as Plaintiff contends (dkt. # 19 at 9-10), his activities were limited to some degree based on his impairments, Plaintiff has not shown that the ALJ was unreasonable in finding that his activities were nonetheless inconsistent with the limitations specifically indicated by Dr. Peralta.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

ORDER - 9

1    Dated this 15th day of December, 2020.

2

3    MICHELLE L. PETERSON
     United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 10